# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| SEAN C. COOTS and ) | |
| MELISSA A. COOTS, ) | Case No. 18-bk-1085 |
| ) | |
| Debtors. ) | Chapter 13 |
| _____ ) | |
| ) | |
| SEAN C. COOTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 19-ap-10 |
| ) | |
| FORD MOTOR CREDIT CO., LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Ford Motor Credit Co., LLC ("Ford Credit"), seeks the dismissal of the complaint filed against it by Sean C. Coots. It contends that the court should dismiss Mr. Coots five-count complaint because he fails to state a cause of action upon which the court can grant relief. The Mr. Coots asserts that each count of his complaint states a cause of action upon which the court can grant relief.

For the reasons stated here, the court will grant the motion in part and deny it in part.

### I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint against it when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the non-movant, (2) accept the factual allegations in

1

the complaint as true, and (3) draw all reasonable inferences in favor of the plaintiff. 2 *Moore's Federal Practice – Civil* § 12.34 (2018). After undertaking these steps, the claim for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining a motion to dismiss, the court is not adjudicating whether a plaintiff will ultimately prevail on the merits of the complaint; it is only determining if the plaintiff is entitled to offer evidence to support the claims. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

## II. BACKGROUND

In March 2012, Ford Credit obtained a judgment against Mr. Coots in Harlan County, Kentucky. Ford Credit subsequently garnished Mr. Coots's wages that he earned as an employee of Marshall County Coal Co., a subsidiary of Murray Energy Corp., located in St. Clairsville, Ohio.[1] Sometime between March 2012 and November 2018, Mr. Coots became a resident of West Virginia. On November 28, 2018, Mr. Coots and his spouse filed their Chapter 13 bankruptcy case in this district. During the ninety days before Mr. Coots obtained relief under Chapter 13, Ford Credit garnished $6,189.08 from his wages. Notably, Mr. Coots claimed as exempt $25,075.00 of his interest in the anticipated recovery from this proceeding, including the preference action. On February 25, 2019, Mr. Coots filed this adversary proceeding, to which Ford Credit responded with the extant motion to dismiss.

## III. ANALYSIS

Ford Credit asserts that the court should dismiss each of the five counts alleged against it by Mr. Coots. Specifically, it asserts that Counts I, II, and III fail because it did not enforce its judgment against Mr. Coots in West Virginia in violation of the Uniform Enforcement of Foreign Judgments Act ("UEFJA") and the West Virginia Consumer Credit Protection Act ("WVCCPA"). Regarding Count IV—alleging an action under § 547(b) of the Bankruptcy Code to recover as a preferential transfer funds Ford Credit garnished from Mr. Coots's wages—Ford Credit contends that Mr. Coots lacks standing to pursue his claim. Finally, Ford Credit seeks the dismissal of Count V of Mr. Coots's complaint alleging that Ford Credit violated the automatic stay under § 362(a)(3) of the Bankruptcy Code by exercising control over property of the bankruptcy estate.

---

[1] To be clear, Murray Energy's principal place of business is in St. Clairsville, Ohio, which is where Ford Credit directed its garnishment order. Mr. Coots works at Marshall County Co.'s mine located in Marshall County, West Virginia.

2

Mr. Coots opposes Ford Credit's motion to dismiss. He contends that his complaint adequately states plausible causes of action. Specifically, Mr. Coots asserts that he was a resident of West Virginia during the ninety days prepetition such that Ford Credit violated the UEFJA by not domesticating its judgment in West Virginia consistent with W. Va. Code § 55-14-2. Additionally, Mr. Coots alleges that he has sufficient standing to pursue his action under § 547(b) of the Bankruptcy Code based upon the operation of § 522(h) of the Code. Finally, he contends that he adequately pleaded a violation of the automatic stay based upon Ford Credit's refusal to voluntarily remit the funds it garnished within the ninety-day preference period.

Having reviewed the parties' respective arguments regarding the extant motion to dismiss, the court finds it appropriate to grant the motion in part and deny it in part. For instance, the court will dismiss Counts I, II, and III based upon the record before it, although the dismissal will be without prejudice. Specifically, both Mr. Coots and Ford Credit make bald statements regarding whether Mr. Coots pleaded a plausible cause of action in Count I of his complaint based upon the UEFJA. Mr. Coots alleges a violation of the UEFJA by simply stating that the garnishment in Ohio violated the Act because he resides in West Virginia. Similarly, Ford Credit asserts that the complaint fails to state a cause of action because the garnishee resides in Ohio. Neither party points the court to legal authority, case related or otherwise, supporting its proposition, and the court was unable to readily locate dispositive authority in that regard—for example, whether the focus of a judgment collection in this context is the residence of the garnishee or the judgment debtor. Despite that, however, the court finds that the plain language of the UEFJA supports Ford Credit's position.[2] The simple fact is that Ford Credit did not enforce its judgment in West Virginia. It executed its garnishment in Ohio. The court, therefore, finds it prudent to grant Ford Credit's motion to dismiss. Nonetheless, the court's dismissal will be without prejudice in the event Mr. Coots can identify and formulate a theory supporting an action that would justify an amended complaint for a violation of the UEFJA based upon the garnishment of a West Virginia resident's wages payable by an entity in Ohio.[3] The court will therefore grant Ford Credit's motion to dismiss Count I and Counts II and III because they are predicated upon liability under Count I.

---

[2] In pertinent part, the UEFJA provides that "[a] debt collector seeking to enforce a foreign judgment in [West Virginia] shall ensure . . . ." W. Va. Code § 55-14-2.

[3] The court also notes that the record is unclear as to whether Mr. Coots was indeed a West Virginia resident at the time the petition was filed and thus makes no finding in that regard.

In the event Mr. Coots amends, however, he will need to be prepared to provide to the court authority that supports a departure from what the court perceives to be the plain language of the UEFJA.

Regarding Counts IV and V, the court will deny the motion regarding Count IV and grant the motion to dismiss Count V.  At bottom, Ford Credit's argument in support of dismissing Count IV is based upon Mr. Coots's standing.  Although Ford Credit points the court to some authority regarding standing to bring an action under § 547(b) and the inability to rehabilitate an action through a response to a motion to dismiss, the court is unpersuaded by those analyses. Specifically, Ford Credit misses the mark in its attempt to analogize this case with the court's disposition in *In re Bardell*, 361 B.R. 468 (Bankr. N.D.W. Va. 2007).  That case is inapplicable here.  In any event, Mr. Coots meets the criteria for standing under § 522(h) that the court recognizes in *Bardell*.  To be clear, the court finds that Mr. Coots has sufficient standing to bring his action under § 547 of the Bankruptcy Code based upon his exemption of such action and the operation of § 522(h).  In the court's view, the fact that he directs the court to § 522(h) for the first time in response to the motion to dismiss is inconsequential.  Even if the court were to dismiss Count IV, it would likely do so without prejudice to afford Mr. Coots an opportunity to amend.  The court will therefore deny Ford Credit's motion to dismiss Count IV.

Finally, the court will dismiss Count V because Mr. Coots does not adequately allege a violation of the automatic stay under § 362(k) of the Bankruptcy Code.  In that regard, Mr. Coots simply alleges that Ford Credit is exercising control over property of the estate, which is prohibited under § 362(a)(3) but he does not specifically reference § 362(k) in support of his contention that Ford Credit willfully violated the automatic stay.  In that regard, he relies upon Exhibit B attached to his complaint, which he contends is the letter by which he requested the voluntary turnover of the funds Ford Credit garnished prepetition.  He therefore asserts that Ford Credit's refusal is violative of the automatic stay.  The court's review of Exhibit B, however, leaves Mr. Coots assertion in that regard without much effect.  In fact, Exhibit B does not contain a reference to Mr. Coots's bankruptcy case or a demand for the funds garnished prepetition.  Rather, the focus of the letter relates to the necessity to preserve information that may be responsive to anticipated discovery.  More importantly, however, the fact that Mr. Coots seeks to avoid a "transfer" under § 547(b) belies the contention that the property to be recovered is property of the bankruptcy estate.  Notably, Congress defined "transfer" in the Bankruptcy Code as, among other things not

applicable here, "(C) the foreclosure of a debtor's equity of redemptions; or (D) each mode . . . of disposing of or parting with—(i) property; or (ii) and interest in property." 11 U.S.C. § 101(54). Consistent with preference theory, a transfer occurred prepetition thus removing the funds sought in the action from property that comprised the bankruptcy estate and the ambit of § 362(a)(3). The court will therefore dismiss Count V of Mr. Coots complaint alleging a violation of the automatic stay.

## IV. CONCLUSION

Based upon the analysis herein and consistent with Fed. R. Civ. P. 58(a), made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting Ford Credit's motion to dismiss Counts I through III and V, and denying its motion regarding Count IV.