

Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SEAN C. COOTS and | ) | |
| MELISSA A. COOTS, | ) | Case No. 5:18-bk-1085 |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| SEAN C. COOTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 5:19-ap-10 |
| | ) | |
| FORD MOTOR CREDIT CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Pending before the court are competing motions for summary judgment regarding the five-count complaint Sean Coots (the "Plaintiff") filed against Ford Motor Credit Co., LLC. Specifically, the Plaintiff contends that he is entitled to summary judgment because Ford Motor Credit enforced its Kentucky judgment by garnishing the Plaintiff's wages in Ohio while he resides in West Virginia. In support of his motion, the Plaintiff attempts to distinguish the facts at bar from those in *Nagot v. Suncoast Credit Union (In re Nagot)*, Adv. No. 19-ap-04, 2021 WL 1034279 (Bankr. N.D.W. Va. Mar. 17, 2021), which involved a substantially similar action upon which the defendant-creditor obtained summary judgment. Ford Motor Credit opposes the Plaintiff's motion and asserts that it is entitled to partial summary judgment, specifically on Counts I through III and V. For support, it relies, at least in part, on the court's decision in *Nagot* and contends that it did not attempt to collect upon its judgment in West Virginia.

For the reasons stated herein, the court will deny the Plaintiff's motion and grant summary judgment to Ford Motor Credit on Counts I through III, and V.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); see also *Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp*., 477 U.S. at 317, 323-24.

## II.  BACKGROUND

In March 2012, Ford Motor Credit obtained a judgment against Mr. Coots in Harlan County, Kentucky. Ford Motor Credit subsequently garnished the Plaintiff's wages that he earned

as an employee of Marshall County Coal Co., a subsidiary of Murray Energy Corp., located in St. Clairsville, Ohio.[1] In 2015, the Plaintiff became a resident of West Virginia. Notably, however, he continued to own property in Harlan County, Kentucky. The Plaintiff identified on Schedule A, which he filed with his bankruptcy petition, owning property at 109 Locusts Lane in Evarts, Kentucky. On November 28, 2018, the Plaintiff and his spouse filed their Chapter 13 bankruptcy case in this district. During the ninety days before the Plaintiff obtained relief under Chapter 13, Ford Credit garnished $6,189.08 from his wages. Notably, the Plaintiff claimed as exempt $25,075.00 of his interest in the anticipated recovery from this proceeding, including the preference action.

On February 25, 2019, the Plaintiff initiated this adversary proceeding. Ultimately, the court granted Ford Motor Credit's motion to dismiss Counts I through III and V. Despite that, the court permitted the Plaintiff to amend his complaint by order dated January 13, 2020. The Plaintiff's amended complaint generally tracks his original allegations but includes for support *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 WL 2679593 (W.D. Va. July 8, 2011). Notably, much of the Plaintiff's amended complaint otherwise remained unchanged. After discovery, the parties filed their extant dispositive motions in April 2021.

### III. ANALYSIS

The parties each seek summary judgment. Ford Motor Credit contends that it is entitled to summary judgment on Counts I, II, and III because it never attempted to collect its Kentucky judgment in West Virginia. Instead, Ford Motor Credit notes that it served its garnishment upon the Plaintiff's employer, whose principal place of business is in Ohio, with the Plaintiff's address identified as 102 Locust Lane, Everts, Kentucky. Additionally, Ford Motor Credit asserts that the Plaintiff's reliance in his amended complaint on *D'Oro* is misplaced. Indeed, Ford Motor Credit relies upon this court's opinion in *Nagot* as support for its argument that it is entitled to summary judgment as to Counts I, II, and III.

Regarding Count IV—alleging an action under § 547(b) of the Bankruptcy Code to recover as a preferential transfer funds Ford Motor Credit garnished from Mr. Coots's wages—Ford Motor Credit does not seek summary judgment but simply opposes the Plaintiff's motion in that regard.

---

[1] To be clear, Murray Energy's principal place of business is in St. Clairsville, Ohio, which is where Ford Credit directed its garnishment order. Mr. Coots works at Marshall County Co.'s mine located in Marshall County, West Virginia.

3

Ford Motor Credit contends that Mr. Coots cannot obtain summary judgment on Count IV because of a genuine dispute of material fact—whether Ford Motor Credit, a creditor secured by the Plaintiff's real estate, obtained more via garnishment than it would have if the case were one under Chapter 7.  Finally, Ford Motor Credit seeks summary judgment as to Count V of the Plaintiff's complaint alleging that Ford Motor Credit violated the automatic stay under § 362(a)(3) of the Bankruptcy Code by exercising control over property of the bankruptcy estate.  Specifically, Ford Motor Credit argues that the Plaintiff's action to recover the garnished funds as a preference belies the notion that such funds are property of the bankruptcy estate.

The Plaintiff opposes Ford Motor Credit's motion for summary judgment and also seeks summary judgment.  He contends summary judgment is appropriate on Counts I, II, and III because undisputed material facts establish that Ford Motor Credit failed to comply with the Uniform Enforcement of Foreign Judgment Act ("UEFJA") in West Virginia before garnishing his wages.  Important to the Plaintiff's argument is the fact that he resided in West Virginia during the garnishment period and that Ford Motor Credit collected on its Kentucky judgment by garnishing his wages in Ohio.  Based upon that, the Plaintiff attempts to distinguish this court's decision in *Nagot*.  Specifically, he contends that *D'Oro* is more instructive where, as here, the judgment creditor did not garnish wages in the state in which it obtained judgment.  Regarding Counts IV and V, the Plaintiff baldly contends he is entitled to summary judgment because of Ford Motor Credit's refusal to refund wages garnished within the ninety days prepetition violates § 547 (Count IV) and § 362 (Count V) of the Bankruptcy Code.

The UEFJA regulates a debt collector or person "seeking to enforce a foreign judgment in this state."  W. Va. Code § 55-14-2.  One "who violates any provision of that section "shall be liable to the person against whom the judgment is sought to be enforced for actual damages and . . . a penalty in an amount not more than $1,000."  *Id*.  A willful violation of the UEFJA is punishable by a fine up to "$1,000 or confine[ment] in jail not more than one year, or both fined and confined."  *Id*.  Notably, the conduct regulated by the UEFJA relates to information that shall be transmitted to the judgment-debtor.  For instance, the UEFJA provides the following:

> A debt collector *seeking to enforce a foreign judgment in this state* shall ensure that any suggestee execution or other legal process . . . shall clearly state . . . any property exempt in the state in which the original judgment was entered and it shall specify that the property is exempt from execution . . . .

W. Va. Code § 55-14-2 (emphasis added).  Notably, that is the extent of the regulated conduct, at least for which the UEFJA provides a remedy.  Thus, the issue is whether Ford Motor Credit's wage garnishment constitutes enforcement of its judgment in West Virginia.  Only if it does, is the court faced with a question whether Suncoast violated the UEFJA as set forth above.

In *Nagot*, the court determined that a Florida judgment creditor garnishing the debtor's wages in Florida did not seek "to enforce a foreign judgment in [West Virginia]" despite the debtor residing within the state. *Nagot*, 2021 WL1034279, at *4.  In making that determination, the court distinguished *D'Oro* and found that "it was critical for the court in *D'Oro* that the garnishee was beyond the territorial limits of Virginia."  *Id*. at *3.  Notably, the court in *D'Oro* was the forum court that entered judgment, and the debtor-defendant subsequently sought to quash a garnishment summons and writ of execution emanating from that court seeking to collect on the Virginia judgment in Ohio.  *D'Oro*, 2011 WL 2679593, at *1.  This court therefore held that "because Suncoast confined its collection activity to Florida, it did not violate the UEFJA in West Virginia." *Nagot*, 2021 WL 1034279, at *4.  Contrary to *D'Oro* in that regard, the court was persuaded by *Peters v. Maxwell & Morgan Corp.*, No. 2:18-cv-01399-GMN-EJY, 2019 WL 4781844 (D. Nev. Sept. 30, 2019).  *Peters* involved a judgment-debtor living in Nevada subject to judgment and collection by garnishment in Arizona.  *Peters*, 2019 WL 4781844, at *2.  "Materially absent from the [a]mended [c]omplaint [were] allegations that [the creditor] took actions in Nevada to garnish [judgment-debtor's] wages."  *Id*. at *4.

Despite the Plaintiff's argument to the contrary, the court still finds *D'Oro* inapposite.  Despite the case at bar being perhaps more factually analogous—Ford Motor Credit enforced its judgment beyond the territorial limit of Kentucky—it is simply different contextually.  As noted above, the *D'Oro* court was the forum court that entered the subject judgment and garnishment and subsequently faced a motion seeking to quash the garnishment in Ohio.  *D'Oro* may very well be persuasive for a Kentucky court faced with a similar motion, but this court cannot provide relief to the Plaintiff based upon the fact that Ford Motor Credit enforced its Kentucky judgment in Ohio.  The Plaintiff, for instance, has not articulated how that is violative of Kentucky law, and the court is not persuaded it would be properly suited to make that determination.

What the court can determine is whether the garnishment constitutes collection in West Virginia in violation of the UEFJA.  In that regard, it is clear to the court that the Ohio garnishment at issue here does not constitute collection in West Virginia despite the Plaintiff residing here.

Ford Motor Credit obtained its judgment in Kentucky and garnished the Plaintiff's wages from his employer, whose principal place of business is in Ohio. It simply never sought to enforce its judgment in West Virginia. Even in *D'Oro*, it is conceivable based upon the court's analysis that the judgment creditor could have garnished in Virginia despite the debtor-defendant residing in Pennsylvania. The court cannot say definitively, but the point is that the *D'Oro* court's analysis was in a distinctly different context than the court faces here. At bottom, the court is unpersuaded by *D'Oro* and is of the opinion that garnishing a West Virginia resident's wages, when the garnishee is located outside West Virginia, is not violative of the UEFJA. Moreover, the Plaintiff owned property in Kentucky throughout the period Ford Motor Credit garnished his wages, up until at least the day he filed his bankruptcy case. It is unclear to the court how Ford Motor Credit would have known of the Debtor's residence in West Virginia if he continued to own the Kentucky property that secured Ford Motor Credit's judgment. To be clear, the court is only determining that the garnishment at issue did not violate the UEFJA in West Virginia. It is not determining whether the garnishment complied with laws of Kentucky, Ohio, or any other state.

Regarding Counts IV and V, the court will deny the Plaintiff's motion regarding Count IV and grant Ford Motor Credit summary judgment on Count V. Regarding Count IV specifically, the Plaintiff contends he is entitled to summary judgment because, among other things, he exempted his wages that Ford Motor Credit garnished within the ninety days preceding his bankruptcy case. Notably, however, Ford Motor Credit's opposition raises an issue the court does not often see in proceedings to recover preference payments under § 547 of the Bankruptcy Code. Specifically, Ford Motor Credit contests whether it received more than it would have if the Debtor's case was one under Chapter 7. *See* 11 U.S.C. § 547(b)(5) (including that determination as a critical element for recovery of a preference payment). Ford Motor Credit contends that it did not receive more by way of garnishment than it would have in a Chapter 7 because its judgment encumbers the Plaintiff's property in Kentucky, and the court previously denied the Plaintiff's attempt to avoid the lien. Regardless of the merits of the parties' respective arguments on that point, the fact is that the dispute in that regard precludes summary judgment as to Count IV.

As to Count V, the court will grant summary judgment to Ford Motor Credit to the extent the count is viable at all. By memorandum opinion and order dated September 17, 2019, the court dismissed Count V for the Plantiff's failure to state a claim upon which it could grant relief. In that regard, the court found that transfer of property (i.e. the wage garnishment) the Plaintiff seeks

to avoid in Count IV necessarily removed the subject property from the bankruptcy estate and ambit of § 362(a)(3) of the Bankruptcy Code. Nonetheless, the court ultimately permitted the Plaintiff to amend his complaint by order dated January 13, 2020. Despite that, however, the Plaintiff did not amend Count V in any meaningful way but seemingly restated his claim that the court previously dismissed. The court thus perceives no reason to revisit its analysis in its September 2019 memorandum opinion and will award Ford Motor Credit summary judgment based upon its analysis there.

## IV. CONCLUSION

Based upon the analysis herein and consistent with Fed. R. Civ. P. 58(a), made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order denying the Plaintiff's motion and granting Ford Motor Credit's motion for summary judgment on Counts I through III and V.